849 F.2d 1473
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie David PARKS, Plaintiff-Appellant,
v.
The CINCINNATI STEEL PRODUCTS COMPANY, Defendant-Appellee.
 No. 87-3136.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this diversity action the plaintiff sought damages from his employer for injuries suffered in a work-related accident. After the accident the plaintiff was awarded workers' compensation benefits for his injuries, but brought suit for damages in the district court on the theory that the employer committed an intentional tort. At the close of the plaintiff's case the district court granted the employer's motion for a directed verdict, holding that the conduct of the employer or its agents did not constitute an intentional tort.
 
 
 2
 On appeal the plaintiff argues that the district court applied an erroneous definition of intentional tort thus placing a higher burden on the plaintiff than the law of Ohio requires. In addition, the plaintiff argues that the district court failed to view the evidence in the light most favorable to the plaintiff when considering the defendant's motion for a directed verdict.
 
 
 3
 The district court followed two Ohio Supreme Court decisions in determining that an intentional tort is one "committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur." See Blankenship v. Cincinnati Milacron Chemicals, Inc., 69 Ohio St.2d 608, 433 N.E.2d 573 (1982), and Jones v. VIP Development Co., 15 Ohio St.3d 90, 462 N.E.2d 1046 (1984). The district court found that the Ohio Supreme Court had not defined substantially certain. The court then looked to Black's Law Dictionary and concluded that substantially certain means "actually existing and clearly known." The plaintiff contends that the definition adopted by the district court in reality requires specific intent because it connotes certainty, whereas the second prong of the Ohio definition does not require a specific intent. There is no contention in this case that the employer did have such an intent to injure the plaintiff. While the plaintiff does not argue with the use of Black's Law Dictionary, he does contend that the district court split "substantially certain" and took a dictionary definition for each word then combined these definitions to come up with a far stricter requirement of proof than the Ohio Supreme Court intended when it adopted the substantially certain test.
 
 
 4
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court did not err in granting the employer's motion for a directed verdict. The district court determined that reasonable minds could only conclude that this incident was an industrial accident covered by the Ohio workers' compensation law and not an intentional tort as defined by the Ohio Supreme Court. Having accepted the plaintiff's version of the facts, the district court ruled as a matter of law that the plaintiff could not prevail. This was the basis of the directed verdict.
 
 
 5
 The judgment of the district court is affirmed.